# Exhibit F

**Calendar No. 1076**

| 82D CONGRESS | SENATE | REPORT |
|---|---|---|
| *2d Session* | | No. 1145 |

## ASSISTING IN PREVENTING ALIENS FROM ENTERING OR REMAINING IN THE UNITED STATES ILLEGALLY

FEBRUARY 4 (legislative day, JANUARY 10), 1952.—Ordered to be printed

Mr. KILGORE, from the Committee on the Judiciary, submitted the following

## REPORT

[To accompany S. 1851]

The Committee on the Judiciary, to which was referred the bill (S. 1851) to assist in preventing aliens from entering or remaining in the United States illegally, having considered the same, reports favorably thereon with an amendment in the nature of a substitute and recommends that the bill, as amended, do pass.

### AMENDMENT

Strike all after the enacting clause and insert in lieu thereof the following:

That section 8 of the Immigration Act of 1917 (39 Stat. 880; 8 U. S. C. 144), is hereby amended to read:

"SEC. 8. (a) Any person, including the owner, operator, pilot, master, commanding officer, agent or consignee of any means of transportation who—

"(1) brings into or lands in the United States, by any means of transportation or otherwise, or attempts, by himself or through another, to bring into or land in the United States, by any means of transportation or otherwise;

"(2) knowing that he is in the United States in violation of law, and knowing or having reasonable grounds to believe that his last entry into the United States occurred less than three years prior thereto, transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, in furtherance of such violation of law;

"(3) willfully or knowingly conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, in any place, including any building or any means of transportation; or

"(4) willfully or knowingly encourages or induces, or attempts to encourage or induce, either directly or indirectly, the entry into the United States of any alien, including an alien seaman, not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this Act or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $2,000 or by imprisonment for a term not exceeding five years, or both, for each alien in respect to whom any violation of this subsection occurs: *Provided, however,* That for the purposes of this section, employment (including the usual and normal

practices incident to employment) shall not be deemed to constitute harboring.

"(b) No officer or person shall have authority to make any arrest for a violation of any provision of this section except officers and employees of the United States Immigration and Naturalization Service designated by the Attorney General, either individually or as a member of a class, and all other officers of the United States whose duty it is to enforce criminal laws.

"(c) When the Attorney General or any district director or any assistant district director of the Immigration and Naturalization Service has information indicating a reasonable probability that in any designated lands or other property aliens are illegally within the United States, he may issue his warrant authorizing the immigration officer named therein to go upon or within such designated lands or other property other than a dwelling in which the warrant states there may be aliens illegally within the United States, for the purpose of interrogating such aliens concerning their right to enter or to be or remain in the United States. Such warrant shall state therein the time of day or night for its use and the period of its validity which in no case shall be for more than thirty days."

SEC. 2. The last proviso to the paragraph headed "Bureau of Immigration" in title IV of the Act of February 27, 1925 (43 Stat. 1049; 8 U. S. C. 110), as amended by the Act of August 7, 1946 (60 Stat. 865), is hereby further amended so that clause numbered (2) shall read:

"(2) within a reasonable distance from any external boundary of the United States, to board and search for aliens any vessel within the territorial waters of the United States and any railway car, aircraft, conveyance, or vehicle, and within a distance of twenty-five miles from any such external boundary to have access to private lands, but not dwellings, for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States, and"

## PURPOSE OF THE BILL

The purpose of the bill, as amended, is to overcome a deficiency in the present law by making it an offense to harbor or conceal aliens who have entered this country illegally, and to strengthen the law generally in preventing aliens from entering or remaining in the United States illegally.

## STATEMENT

While section 8 of the Immigration Act of 1917 (8 U. S. C. 144), purports to make it an offense to harbor or conceal aliens who have entered this country illegally, the Supreme Court in *United States* v. *Evans* (333 U. S. 483), held that the existing statute does not provide a penalty for such an offense. The instant bill, as amended, corrects this deficiency and provides upon conviction a fine not exceeding $2,000 or imprisonment for a term not exceeding 5 years, or both.

The bill as initially introduced, also provided that any—

employee of the Immigration and Naturalization Service authorized and designated under regulations prescribed by the Attorney General, whether individually or as one of a class, shall have power and authority while wearing his official insignia or presenting his official credentials and engaged in the performance of his duties in the administration of laws relating to the immigration and expulsion of aliens, to go upon or within any place of employment other than a dwelling within or upon which he believes there are aliens who are illegally within the United States, for the purpose of interrogating such aliens concerning their right to be or remain in the United States.

The bill, as amended, substitutes for the above-quoted language of the bill as initially introduced an administrative search warrant procedure which reads as follows:

(c) When the Attorney General or any district director or any assistant district director of the Immigration and Naturalization Service has information indicating a reasonable probability that in any designated lands or other property aliens are illegally within the United States, he may issue his warrant authorizing the

immigration officer named therein to go upon or within such designated lands or other property other than a dwelling in which the warrant states there may be aliens illegally within the United States, for the purpose of interrogating such aliens concerning their right to enter or to be or remain in the United States. Such warrant shall state therein the time of day or night for its use and the period of its validity which in no case shall be for more than thirty days.

It is the intention of the committee that there shall not be more than one assistant district director in any district who may issue administrative warrants. On the Mexican border where there are three districts of the Immigration and Naturalization Service, there will be three district directors and three assistant district directors who will be authorized to issue administrative warrants, making a total of six officials who will be so authorized. It is felt that the administrative search warrant procedure as provided in the bill will be conducive to effective enforcement of the immigration laws but will at the same time safeguard the rights of the property owners.

The bill, as amended, also strengthens the enforcement procedures of the Immigration and Naturalization Service by amending present law so that enforcement officers may, within a distance of 25 miles from any external boundary of the United States, have access to private lands but not dwellings for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States.

The bill, as amended, also provides that employment (including the usual and normal practices incident to employment) of an alien illegally in the United States shall not be deemed to constitute harboring. It is the intention of the committee that this will not, however, preclude prosecution of an employer who violates other provisions of the act.

The committee, after consideration of all of the facts, is of the opinion that the bill (S. 1851), as amended, should be enacted.

### CHANGES IN THE PRESENT LAW

In compliance with subsection (4) of rule XXIX of the Standing Rules of the Senate, changes in existing law made by the bill, as reported, are shown in the following parallel tables (existing law is shown in one column; proposed law is shown in the parallel column):

| Existing Law | Proposed Law |
| --- | --- |
| **BRINGING IN OR HARBORING OR CONCEALING CERTAIN ALIENS; PENALTY**<br><br>SEC. 8. That any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, or shall conceal or harbor, or attempt to conceal or harbor, or assist or abet another to conceal or harbor in any place, including any building, vessel, railway car, conveyance, or vehicle, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States under the terms of this | That section 8 of the Immigration Act of 1917 (39 Stat. 880; 8 U. S. C. 144), is hereby amended to read:<br><br>"SEC. 8. (a) Any person, including the owner, operator, pilot, master, commanding officer, agent or consignee of any means of transportation who—<br><br>"(1) brings into or lands in the United States, by any means of transportation or otherwise, or attempts, by himself or through another, to bring into or land in the United States, by any means of transportation or otherwise;<br><br>"(2) knowing that he is in the United States in violation of law, and knowing or having reasonable grounds to believe that his last entry into the United States oc- |

| Existing Law | Proposed Law |
|---|---|
| Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years, for each and every alien so landed or brought in or attempted to be landed or brought in. | curred less than three years prior thereto, transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, in furtherance of such violation of law; <br><br> "(3) wilfully or knowingly conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, in any place, including any building or any means of transportation; or <br><br> "(4) willfully or knowingly encourages or induces, or attempts to encourage or induce, either directly or indirectly, the entry into the United States of any alien, including an alien seaman, not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this Act or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $2,000 or by imprisonment for a term not exceeding five years, or both, for each alien in respect to whom any violation of this subsection occurs: *Provided, however,* That for the purposes of this section, employment (including the usual and normal practices incident to employment) shall not be deemed to constitute harboring. |

"(b) No officer or person shall have authority to make any arrest for a violation of any provision of this section except officers and employees of the United States Immigration and Naturalization Service designated by the Attorney General, either individually or as a member of a class, and all other officers of the United States whose duty it is to enforce criminal laws.

"(c) When the Attorney General or any district director or any assistant district director of the Immigration and Naturalization Service has information indicating a reasonable probability that in any designated lands or other property aliens are illegally within the United States, he may issue his warrant authorizing the immigration officer named therein to go upon or within such designated lands or other property other than a dwelling in which the warrant states there may be aliens illegally within the United States, for the purpose of interrogating such aliens concerning their right to enter or to be or remain in the United States. Such warrant shall state therein the time of

## PREVENTING ILLEGAL ENTRY OF ALIENS

5

### EXISTING LAW

(ACT APPROVED AUGUST 7, 1946 (60 STAT. 865; 8 U. S. C. 110)) (AMENDING THE ACT OF FEBRUARY 27, 1925)

Any employee of the Immigration and Naturalization Service authorized so to do under regulations prescribed by the Commissioner of Immigration and Naturalization with the approval of the Attorney General, shall have power without warrant (1) * * * (2) to board and search for aliens any vessel within the territorial waters of the United States, railway car, aircraft, conveyance, or vehicle, within a reasonable distance from any external boundary of the United States; and

### PROPOSED LAW

day or night for its use and the period of its validity which in no case shall be for more than thirty days."

SEC. 2. The last proviso to the paragraph headed "Bureau of Immigration" in title IV of the Act of February 27, 1925 (43 Stat. 1049; 8 U. S. C. 110), as amended by the Act of August 7, 1946 (60 Stat. 865), is hereby further amended so that clause numbered (2) shall read:

"(2) within a reasonable distance from any external boundary of the United States, to board and search for aliens any vessel within the territorial waters of the United States and any railway car, aircraft, conveyance, or vehicle, and within a distance of twenty-five miles from any such external boundary to have access to private lands, but not dwellings, for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States, and"

O